1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MONICA FERNANDEZ; ELEANOR
LANIGAN; MICHAEL MARTINEZ;
GLENNA O'DELL; and GEMIS
RANGEL, individually, and on behalf of
all others similarly situated,

            Plaintiffs,

      v.

BOIRON, INC.; and BOIRON USA,
INC.; Inclusive,

            Defendants.

Case No. 11-CV-01867-JST-CW

**ORDER GRANTING STIPULATED
PROTECTIVE ORDER**

*Note changes made by the court*

//

//

The Court having read the parties' Stipulated Protective Order, finding no objection thereto and good cause appearing therefor,

**IT IS HEREBY ORDERED** that a Stipulated Protective Order will govern the production and exchange of confidential information in the above-captioned case on the following terms:

1.   DEFINITIONS

1.1.   Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery requests, including but not limited to documents or tangible things, electronic documents and electronic data files, testimony, answers to interrogatories, requests for admissions and subpoenas in this matter.   The term "Discovery Material" shall also include all such information, documents and things produced in connection with this action voluntarily, or pursuant to a rule, order or other requirement.

1.2.   Confidential Information: any Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), including (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential institutional knowledge, (d) proprietary business and financial information, (e) non-public personal information, and (f) any other information of any party or non-party the disclosure of which is likely to have the effect of causing harm to the competitive position or business relationships of the person, partnership, corporation, or other organization from which the information is obtained. Any Discovery Material that becomes public or that otherwise loses its status as confidential over the course of this action, other than by a violation of this Order, shall no longer be protected by this Order.

1.3.   Receiving Party: a Party that receives Discovery Material from a

-2-                    Case No. 11-CV-01867-JST-CW

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

1  Producing Party.

2      1.4.   <u>Producing Party</u>: a Party or Third Party that produces Discovery Material

3  in this matter.

4      1.5.   <u>Designating Party</u>: a Party or Third Party that designates Discovery

5  Material that it produces in this matter as Confidential Information.

6      1.6.   <u>Attorney-Client Privilege</u>: "Attorney-Client Privilege" as used herein

7  means "the protection that applicable law provides for confidential attorney-client

8  communications," as set forth in Federal Rule of Evidence 502(g)(1).

9      1.7.   <u>Work-Product Protection</u>: "Work-Product Protection" as used herein

10  means "the protection that applicable law provides for tangible material (or its

11  intangible equivalent) prepared in anticipation of litigation or for trial," as set forth in

12  Federal Rule of Evidence 502(g)(2).

13      1.8.   <u>Reasonable Steps</u>: "Reasonable Steps" as used herein includes: (a) for

14  electronic documents, conducting appropriate electronic searches designed to identify

15  Attorney-Client Privileged and Work-Product Protection documents, *e.g.* by searching

16  for terms such as "Privileged," "Privilege," "Attorney," and "Confidential"; and (b)

17  for paper documents, manually reviewing the potentially responsive documents for

18  attorney-client privileged and work-product protected materials prior to production.

19      1.9.   <u>Inadvertent Disclosure</u>: "Inadvertent Disclosure" as used herein means

20  "the disclosure of Attorney-Client Privilege or Work-Product Protection material

21  despite application of Reasonable Steps," as defined herein.

22  2.   <u>SCOPE</u>

23      The protections conferred by this Order cover Confidential Information and

24  Inadvertent Disclosures, as well as any data derived therefrom, including but not

25  limited to: excerpts, summaries, analyses, compilations, testimony, conversations, or

26  presentations.

27

28                     -3-         Case No. 11-CV-01867-JST-CW

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

3.    <u>DURATION</u>

The confidentiality obligations imposed by this Order shall survive this litigation and remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.    <u>DESIGNATING CONFIDENTIAL INFORMATION</u>

4.1.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, the Producing Party shall designate any Discovery Materials containing Confidential Information by marking each page containing such information with the legend "CONFIDENTIAL" before it is disclosed or produced. Information produced in native electronic format, however, which cannot be stamped "CONFIDENTIAL" on a per-page basis, may be indicated as such by labeling the CD-ROM upon which the native electronic information is provided as "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

4.1.1. <u>For Other Tangible Materials</u>: Information in some tangible form, the Producing Party shall designate Confidential Information by marking the Discovery Material with the legend "CONFIDENTIAL."

4.1.2. <u>For Deposition Testimony and Exhibits</u>: Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated as Confidential Information by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" subject to the provisions of this Order. Any party or non-party may also designate information disclosed at such deposition as Confidential Information by notifying the other parties in writing within

-4-                    Case No. 11-CV-01867-JST-CW

<u>ORDER GRANTING STIPULATED PROTECTIVE ORDER</u>

5231940

thirty (30) days of receipt of the transcript specifying which pages and/or lines should be treated as Confidential Information.  All deposition transcripts shall be treated as Confidential Information for a period of thirty (30) days after the receipt of the transcript.

4.2.   <u>Inadvertent Failures to Designate</u>: If corrected before either party is prejudiced, an inadvertent failure to designate Discovery Material as Confidential Information does not waive the Designating Party's right to secure protection under this Order for such material. If Discovery Material is appropriately designated as Confidential Information after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.

5.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1.   <u>Timing of Challenges</u>: Unless a Party's challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to initiate a challenge promptly after the original designation is disclosed.

5.2.   <u>Meet and Confer</u>: If a party objects to the classification of documents, testimony, or information as Confidential Information or as an Inadvertent Disclosure ("Objecting Party") on the grounds that such documents, testimony, or information are not entitled to such status and protection, the Objecting Party shall notify, via electronic mail, counsel for the Designating/Producing Entity, setting forth the reasons supporting such objections and identifying the documents, or page and line numbers for the transcripts, in question.  Within fourteen (14) calendar days, the Objecting Party and the Designating/Producing Entity shall promptly confer in a good faith

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

attempt to resolve the objection.  If the parties cannot resolve the objection within the next fourteen (14) calendar days, counsel for the Designating/Producing Entity may apply to the Court for a determination whether the document is either Confidential Information or an Inadvertent Disclosure.  Designating/Producing Entity shall set forth the grounds why the documents, testimony, or information designated as Confidential Information/Inadvertent Disclosure are entitled to such status.  The Objecting Party shall be given notice of the application for a Court's determination and an opportunity to respond in writing.  While the motion is pending (and for any period during which an appeal of such order is pending), the information shall be treated as Confidential Information or an Inadvertent Disclosure, as applicable.  If any document designated as containing Confidential Information is later deemed, by the Court, not to constitute Confidential Information, a copy of the document without the CONFIDENTIAL designation shall be produced within seven (7) calendar days of the Court's ruling.  If any document designated as Inadvertent Disclosure is later deemed, by the Court, not to constitute an Inadvertent Disclosure, a copy of the document shall be produced to all parties within seven (7) calendar days of the Court's ruling.

5.3.   <u>Judicial Intervention</u>: After engaging in the meet-and-confer process, a challenging Party may apply to the Court for a determination of whether the confidentiality or inadvertent disclosure designation is appropriate.  Any motion challenging a confidentiality or inadvertent disclosure designation must be **brought in accordance with local rule 37.**~~accompanied by a declaration affirming compliance with the meet-and-confer requirements imposed by the preceding paragraph.~~

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.     <u>ACCESS TO AND USE OF CONFIDENTIAL INFORMATION</u>

-6-          Case No. 11-CV-01867-JST-CW

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

6.1.   <u>Basic Principles</u>: A Receiving Party may use Confidential Information produced by another in connection with this case only for prosecuting, defending, or attempting to settle this litigation only under the conditions described herein. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order. Any use of Confidential Information for any business, investigative or enforcement purpose other than the prosecution, defense, appeal, or settlement of the above-captioned action is expressly prohibited and would constitute a material breach of this Stipulated Protective Order.  Nothing in this Order shall in any way restrict the use or dissemination by a Party or Third Party of its own Confidential Information.

6.2.   <u>Disclosure of Confidential Information</u>: No Confidential Information may be disclosed to, disseminated to, or otherwise discussed with any person, except with the prior written consent of the Designating Entity or as otherwise provided for herein.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

6.2.1. the Receiving Party's counsel of record in this action, as well as their employees to whom disclosure is reasonably necessary for purposes of this litigation;

6.2.2. Parties (if an individual) and officers, directors, and employees of Parties to whom the disclosure is reasonably necessary for this litigation (if a corporation) and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.2.3. experts retained by the parties with respect to this litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

6.2.4. the Court and its personnel;

6.2.5. court reporters, their staffs, and litigation support providers to whom disclosure is reasonably necessary for purposes of this litigation;

6.2.6. during the preparation for and conduct of their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

6.2.7. the authors, addressees, or recipients of the document, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document; and

6.2.8. any other person to whom the Designating Party agrees in writing or on the record, or to whom the Court compels access.

7. <u>SUBPOENA OR COURT ORDER TO PRODUCE</u>

If a Receiving Party is served with a subpoena or an order issued compelling disclosure of any information or items designated in this action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

8. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR INADVERENTLY DISCLOSED INFORMATION</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

-8-    Case No. 11-CV-01867-JST-CW
ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

Confidential or Inadvertently Disclosed Information in a manner not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party in writing about the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential or Inadvertently Disclosed Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A.

9.   FILING CONFIDENTIAL INFORMATION

In filing materials with the Court in pretrial proceedings in this litigation, Counsel shall **seek to** file under seal only those specific pages of documents and/or deposition testimony transcripts designated "CONFIDENTIAL," and only those specific portions of briefs, applications, and other filings which contain verbatim Confidential Information, or which set forth the substance of such information or data. A Party seeking to file any Confidential Information under seal must comply with Local Rule 79-5.

10.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after (a) settlement documents are fully executed and the action is dismissed or (b) the last day to appeal any judgment expires, whichever day is earlier, each Receiving Party must return all Confidential Information to the Producing Party, including all copies, abstracts, compilations, analyses, summaries or any other form of reproducing or capturing any of the Confidential Information. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Confidential Information instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

1    materials contain Confidential Information.

2    11.    NON-WAIVER OF PRIVILEGE OR PROTECTION

3    11.1. The Attorney-Client Privilege or Work-Product Protections are not
4    waived through Inadvertent Disclosure in connection with the instant litigation

5    11.2. Application of Non-Waiver of Privilege in Other Proceedings:  Under
6    subsections (d) and (f) of Federal Rule of Evidence 502, the Attorney-Client Privilege
7    or Work-Product Protections are not waived through Inadvertent Disclosure in
8    connection with any other federal or state proceeding.

9    11.3  Notice of Inadvertent Disclosure:   A party who wishes to assert the
10   Attorney-Client Privilege or Work-Product Protection as to an already produced
11   document ("Producing Entity") shall provide notice via electronic mail to all counsel
12   of record ("Notice").  This Notice shall contain information sufficient to identify: (i)
13   the Inadvertently Disclosed document by its specific identifying characteristics, such
14   as Bates number, and shall include any other information reasonably necessary to
15   locate the document; and (ii) the privilege or protection that applies.

16   11.4.  Return of Inadvertently Disclosed Documents:   Within fourteen (14)
17   calendar days of receipt of a Notice, as described in Paragraph 21, any party having
18   received a document covered by the Notice (the "Receiving Party") shall promptly
19   destroy the document described in the Notice and all copies thereof received from the
20   Producing Entity; provided that the Receiving Party shall return any original
21   document covered by the Notice to the Producing Entity.

22   12.    MISCELLANEOUS

23   12.1.  Right to Further Relief: Nothing in this Order abridges the right of any
24   person to seek its modification by the Court in the future.

25   12.2.  Right to Assert Other Objections: By stipulating to the entry of this
26   Order, no Party or Third Party waives any right it otherwise would have to object to

27

28                              -10-       Case No. 11-CV-01867-JST-CW
     ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party or Third Party waives any right to object on any ground, including relevance or admissibility, to use in evidence any of the material covered by this Order.

12.3.  <u>Court Retains Jurisdiction</u>:  After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties, and any other person who has access to Confidential Information produced pursuant to this Order, for the enforcement of this Order.

SO ORDERED.

DATE:        April 19, 2012                 _____/s/_____

Carla M. Woehrle

United States Magistrate Judge

-11-                    Case No. 11-CV-01867-JST-CW

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of_____ [print   or   type   full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____

[date] in the case of *Fernandez, et al. v. Boiron, Inc., et al.*, Docket No. 11-CV-01867-

JST-CW.  I agree to comply with and be bound by all the terms of this Stipulated

Protective Order. I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Southern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

ORDER GRANTING STIPULATED PROTECTIVE ORDER

5231940